**Faitha Greenwood RIMEL et al., Plaintiffs-Appellants,**

v.

**Richard FULTON et al., Defendants-Appellees.**

Court of Appeals of Tennessee, Western Section.

July 8, 1976.

Certiorari Denied by Supreme Court Oct. 4, 1976.

Carl P. McDonald, Goddard & Gamble, Maryville, for plaintiffs-appellants.

W. Henry Ogle, Sevierville, Marsh T. McCoy, Gatlinburg, for defendants-appellees.

CARNEY, Presiding Judge.

The Plaintiffs-Appellants, Faitha Greenwood Rimel, et al., filed suit for the sale for division of a 15-acre tract of land originally owned by Gertrude Fulton. Defendant-Appellee, Mrs. John (Elizabeth) James was in possession of the property under a contract of purchase from two of the heirs of Gertrude Fulton.

The Chancellor found that the Defendant-Appellee, Mrs. James, and her deceased husband entered possession of the property about 1970 in good faith under the assumption that they could purchase the property for $2,700 and that the instruments attempting to convey interests in the property did not constitute valid conveyances to the Defendant-Appellee, Mrs. James. The Chancellor further found that the Appellee and her husband did expend money in constructing a house on the property which enhanced the value of the property even though the Special Master's report indicated that the shack did not enhance the value of the property.

The Chancellor held that the Defendant-Appellee was not liable for any rent on the property during the period which she had occupied it because the Plaintiffs-Appellants had slept on their rights and had not asked for any rents. The Chancellor awarded the Defendant-Appellee, Mrs. James, the sum of $1,100 representing the cost of excavating a basement and the construction of the house upon the property. The Plaintiffs have appealed and assigned errors.

George and Gertrude Fulton purchased the property in 1940. George died before Gertrude. Gertrude Fulton died sometime prior to 1949 when her will was probated. In her will she ordered the property sold and the money divided among her seven children several of whom have died prior to the present litigation. The property lay vacant form 1949 to 1970 when the Defendant Elizabeth James and her husband attempted to buy the property at a price of $2,700. Two heirs, Bun Fulton, son of Gertrude Fulton, and George Fulton, a grandson, signed a statement on the back of Gertrude's deed stating that they sold their interests to Mrs. James and her husband. Their contracts were notarized but not acknowledged in the form of the statute.

There is some doubt whether any of the $2,700 was ever paid. Mrs. James and her husband, who were junk dealers, moved a two-room house onto the property, dug a basement, added three more rooms to the house and a pump to the well. The house was wired for electricity. The house had no inside plumbing. Mr. and Mrs. James did most of the labor themselves. They also placed some gravel in the roadway. Defendant-Appellee Mrs. James estimated the value of the property to be $5,000 with the house and $3,000 without the house. Other of her witnesses estimated the replacement value of the house to be $3,500.

The Special Master, who was in the real estate business, valued the 15 acres at $7,000 without the house and valued it slightly less than $7,000 with the house on the property. Defendant Mrs. James produced bills showing expenditures on the house of approximately $1,200.

Assignment of error No. V that the Trial Judge erred in finding that the Defendant entered upon the property in good faith upon the assumption that they had purchased the property for $2,700 is respectfully overruled.

We find no merit in assignment of error No. III that the Trial Court erred in considering incompetent evidence as to the value of the premises and the improvements placed thereon. Assignment of error No. III is, therefore, respectfully overruled.

Assignment of error No. II is that the Court erred in awarding $1,100 to the Appellee for excavation of a basement and construction of the house upon the property. The Plaintiffs insist that the value of labor and materials expended in making improvements is not a sufficient measure for ascertaining the value of the improvements; that the proof must show the actual permanent enhanced value of the land, citing *Vaughan v. Cravens,* 38 Tenn. 108, 73 Am.Dec. 163 (1858), and *Fisher v. Edington,* 85 Tenn. 23, 1 S.W. 499 (1886).

The Trial Judge did not determine the value of the property but merely ordered a sale of the property.

■ Rule 53.04(2) of Tennessee Rules of Civil Procedure expressly provides that in non-jury actions ". . . The court after hearing may adopt the report or may modify it or may reject it in whole or in part or may receive further evidence or may recommit it with instructions." We hold that His Honor the Chancellor was not bound by the testimony and finding of the Master that the house built by the Defendant-Appellee on the property in question did not enhance the value of the property. His Honor the Chancellor was legally empowered to and did find that the house, as a matter of fact, did enhance the value of the property. As-

signment of error No. II is respectfully overruled.

By assignment of error No. I the Plaintiffs insist that the Trial Court erred in not confirming the report of the Special Master on motion of the Plaintiffs after the Defendant-Appellee had filed no objection to the report.

The Master's report did not set out the evidence heard by the Master. The Master relied upon a letter of an attorney to establish the interests of the parties in the land. The report was in the form of a letter stating that the property could not be partitioned in kind; that the value was $7,000; and that there was no enhanced value to the property as a result of placing the building thereon.

■ After Plaintiffs' attorney asked the Court to confirm the report of the Special Master, the Chancellor stated that he would hear proof on Proposition Four, namely, that the house did not enhance the value of the property. His Honor the Chancellor was well within his authority in hearing additional evidence concerning the enhanced value under Tennessee Rules of Civil Procedure 53.04(2). Assignment of error No. I is, therefore, respectfully overruled.

■ Finally, by assignment of error No. IV Appellants contend that the Chancellor erred in finding that the Plaintiffs slept on their rights during the occupancy of the premises by the Defendant and that the Defendant Mrs. James and her husband made a good faith effort to ascertain and purchase the interests of all of the devisees of Gertrude Fulton. Two of the parties interested in the property signed a written statement purporting to sell their interest in the property. Several other devisees agreed to sell. The parties were so numerous and their interests so uncertain, Mrs. James and her husband were never able to complete the purchase of the property. No one ever asked them to pay any rent. As an illustration of the complex state of the title we quote from the letter of Attorney Wynn to the Special Master as follows:

"8. One-seventh (⅐) to the brothers and sisters and the children of predeceased brothers and sisters of Ida Dogan, who are the children of Ruth Brabson, a deceased sister; the children of Jossie McBee, a deceased sister; Abe Fulton; Alec Fulton; widow of Bunn Fulton-Lillian Fulton; and the widow and children of Richard Fulton; Faitha Greenwood; and Lum Fulton."

Plaintiff's proof of the rental value of the premises during the five-year period of Plaintiff's occupancy was limited to the testimony of the Special Master. The Master fixed the rental at $70.00 per month for five years or $4,200. He said he figured the owners ought to get ten percent on their investment. In reality, $70.00 per month amounts to twelve percent on $7,000.

There is no proof that the property had been worth $7,000 during all of the five years that Mrs. James and her husband had occupied it. The proof was that it was worth from $2,000 to $3,000. Some of the heirs had agreed to sell it for $2,700. There was no proof that the property had been rented or could have been rented for any amount of money from 1949 until the Defendant-Appellee and her husband built the house after 1970.

We find that the evidence does not preponderate against the Chancellor's finding. Assignment of error No. IV is respectfully overruled.

The decree of the lower Court is in all things affirmed. The costs of this appeal are taxed against the Plaintiffs. The cause will be remanded to the lower Court for further proceedings consistent with this opinion.

MATHERNE and NEARN, JJ., concur.