Katherine Ann Gresham GLENN,
Plaintiff-Appellee,

v.

James William GRESHAM, Deloris N.
Gresham, et al.,
Defendants-Appellants.

Court of Appeals of Tennessee,
Western Section.

June 3, 1980.

Certiorari Denied by Supreme Court
July 28, 1980.

James H. Kee, Matthews, Johnson, Griffin & Kee, Memphis, for plaintiff-appellee.

Troy W. Tomlin, Somerville, for defendants-appellants.

EWELL, Judge.

This is an appeal from a chancery order in a partition suit confirming the report of the Clerk and Master and ordering the sale of real estate for partition pursuant to the motion of plaintiff.

Plaintiff owns a one-half undivided interest in a tract consisting of 138 acres located in the Seventh Civil District of Fayette County, Tennessee. Defendants James William Gresham and wife, Deloris N. Gresham, are owners of the other one-half undivided interest as tenants in common with plaintiff. In her "Complaint for Partition of Real Property" plaintiff alleges that the tract "is capable of being advantageously partitioned among the parties entitled"; and she prays "that if a partition of said land be found impractical or unadvisable, . . . the land be sold and the proceeds of sale partitioned according to the interests of the parties". The defendants in their answer admit that the real estate "can be partitioned among the parties by either a

sale or partition in kind". Subsequently plaintiff filed a motion seeking entry of a decree for sale and division of proceeds for the reasons that (1) the premises are so situated that partition thereof cannot be made, and (2) the premises are of such description that it would be manifestly for the advantage of the parties that the same should be sold instead of partitioned.

In response to plaintiff's motion the Chancellor entered an order of reference to the Master which provided, in part, as follows:

It appearing that the plaintiff in this cause has filed a motion requesting a sale of property for partition and that the facts of this matter are not sufficiently appearing for a determination at this time,

IT IS, THEREFORE, ORDERED AND DECREED BY THE COURT:

(1) That this matter be and is hereby referred to the Master to hear proof and take such other steps as he deems necessary to make a determination and report to this Court by 60 days as to the following matters:

(a) . . .

(b) Whether the premises are so situated that partition thereof cannot be equitably made, or whether they are of such description that it would be manifestly for the advantage of the parties that the same should be sold, instead of partitioned.

(c) . . .

Approximately sixty days later the Clerk and Master filed a report stating, in pertinent parts, as follows:

I have considered the proof which constitutes the pleadings of all the parties and other available data, and report as follows:

(a) . . .

(b) The premises are so situated that partition thereof cannot be equitably made. The principal reason for this is the fact that a large lake occupies much of the property and this makes it very difficult to make a proper division thereof.

(c) . . .

Plaintiff filed a motion to confirm the report and order a sale of the real estate; and defendants filed exceptions to the above quoted portion of the report stating:

Defendants except thereto because no proof was taken as to the value of the lake with reference to the remainder of the tract of land and without this valuation no decision could be made as to the advisability of a partition in kind.

Defendants further except to the failure on the part of the Clerk and Master to hear proof and give them an opportunity to testify and produce witnesses to show that the tract of land could be divided in kind between the respective owners.

The matter was heard by the Chancellor who entered the following order:

This matter came on to be heard on the 13th day of August, 1979, upon the report of the Clerk and Master on order of reference, exceptions to said report filed by defendant, Motion to Confirm Master's Report, Exhibit 1 of the defendants (a plat or map of the subject property), and statements of counsel for the respective parties, from all of which it appears that the Report of the Master should be confirmed.

IT IS, THEREFORE, ORDERED AND DECREED that the Report of the Clerk and Master heretofore filed in this cause be, and the same is hereby, approved in all respects and the Clerk and Master is hereby ordered to sell said property for cash to the highest and best bidder after publication as required by law, which publication shall commence immediately upon the expiration of time for perfecting appeal, or if an appeal is perfected, upon the conclusion of same.

On appeal defendants insist that the Chancellor erred in overruling their exceptions and ordering a sale for partition inasmuch as the Clerk and Master reported without holding an evidentiary hearing and filed no transcript of the proceedings, evidence and original exhibits pursuant to

Rule 53.04(1) of the Tennessee Rules of Civil Procedure.

It is well settled that where real estate can be partitioned in kind among the parties interested, it should not be sold for division but should be partitioned in kind. *Baumgartner v. Baumgartner*, 17 Tenn. App. 305, 67 S.W.2d 154 (1933, cert. den. 1933); *Gibson's Suits in Chancery*, Section 1105 (5th ed. 1956). A sale for division will be ordered only if the premises are so situated that partition thereof cannot be made or where the premises are of such description that it would be manifestly for the advantage of the parties that the same be sold instead of partitioned. T.C.A. 23–2128 and *Gibson's Suits in Chancery*, Section 1112 (5th ed. 1956). If either of the foregoing conditions exist, a sale is justified. Partition in kind is required only where neither condition exists. *Medley v. Medley*, 61 Tenn.App. 331, 454 S.W.2d 142 (1969, cert. den. 1970). The burden of proof is on him who seeks the sale. *Reeves v. Reeves*, 58 Tenn. 669, 11 Heiskell 546 (1872); *Wilson v. Bogle*, 95 Tenn. 290, 11 Pickle 219 (1895); *Vanderberg v. Molder*, 4 Tenn.Civ.App. (Higgins) 111 (1913).

In this case the Clerk and Master concluded and reported that "the premises are so situated that partition thereof cannot be equitably made"; and the Chancellor concurred in and affirmed that report. Findings of fact by the Master concurred in by the Chancellor are conclusive on appeal if supported by any material evidence. *Maple Manor Hotel, Inc. v. Metro. Gov't Etc.*, 543 S.W.2d 593 (Tenn.App.1975, cert. den. 1976); *Wilson v. Bogle, supra*. If the report of the Master concurred in by the Chancellor was not supported by material evidence, the Chancellor erred in ordering a sale. *Davidson v. Bowden*, 37 Tenn. 129, 5 Sneed 72 (1857); *Bradberry v. Martin*, 3 Tenn.Cas. (Shannon) 469 (1875); *Gibson's Suits in Chancery*, Section 1115 note 23, page 414 (5th ed. 1956).

The order of reference in this case specifically directed the Clerk and Master "to hear proof". The Clerk and Master in proceeding was bound by the provisions of Rule 53 of the Tennessee Rules of Civil Procedure. Defendants rely specifically on Rule 53.04(1):

> The master shall prepare a report upon the matters submitted to him by the order of reference and, if required to make findings of fact and conclusions of law, he shall set them forth in the report. He shall file the report with the clerk of the court and, unless otherwise directed by the order of reference, shall file with it a transcript of the proceedings and of the evidence and the original exhibits. The clerk shall forthwith mail to all parties notice of the filing.

The Clerk and Master was required to file with his report a transcript of the proceedings and of the evidence and the original exhibits since the order of reference did not otherwise direct. There is a total absence of any material in the record supporting the report of the Clerk and Master; and the report makes no reference to such material. The report reflects that the Clerk and Master considered only "the pleadings of all the parties and other available data"; and no clue is given as to the identity of "other available data". We, therefore, conclude that the report was not supported by material evidence and amounts to no more than the personal opinion of the Master founded upon the sole fact that "a large lake occupies much of the property". See *Stretch v. Gowdey*, 3 Tenn. Chan. 565 (1877).

The Chancellor could have heard evidence upon consideration of the report. See *Rimel v. Fulton*, 564 S.W.2d 364 (Tenn. App.1976, cert. den. 1976). However, the order confirming the report recites that the hearing was "upon the report of the Clerk and Master on order of reference, exception to said report filed by defendant, motion to confirm Master's report, Exhibit 1 of defendants (a plat or map of the subject property), and statements of counsel for the respective parties". We, therefore, conclude that the only evidence considered by the Chancellor was a plat of the subject property referred to as Exhibit 1 of defend-

ants. A plat identified as Exhibit 1 is filed with the record in this case, but the same is not properly authenticated. We have not considered this exhibit which we deem immaterial inasmuch as a single plat standing alone unexplained by sworn testimony could not constitute such material evidence as would support the finding that partition in kind cannot be equitably made. It follows that the report of the Clerk and Master confirmed by the Court is not founded upon or supported by material evidence.

Accordingly, defendants' exceptions to the Master's report are sustained and the order of the Trial Court approving and confirming that report and ordering a sale of the real estate is declared void and vacated. This cause is remanded to the Chancery Court of Fayette County for further proceedings consistent with this Opinion. The cost on appeal is adjudged against the plaintiff-appellee.

NEARN and SUMMERS, JJ., concur.