IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
July 12, 2001 Session

## CATHERINE DEAN JACKSON v. BRUCE LANE JACKSON

**Appeal from the Circuit Court for Hamilton County**
**No. 95-DR-1170     Samuel H. Payne, Judge**

FILED SEPTEMBER 5, 2001

**No. E2001-00287-COA-R3-CV**

Catherine Dean Jackson ("Plaintiff") filed a Complaint for divorce against her husband, Bruce Lane Jackson ("Defendant"). The parties entered a stipulation, which was approved by the Trial Court, in which they agreed both parties were entitled to a divorce and agreed that Plaintiff be granted custody of their minor child. The parties, however, did not agree on the remaining issues of alimony and the division of marital property and liabilities. Over approximately four years, the Trial Court referred these issues to a Special Master on three occasions. Upon each referral by the Trial Court, the Special Master held a hearing in which he heard arguments and, during the first two hearings, heard testimony from the parties and witnesses. After each hearing, the Special Master filed his report, but did not file a transcript of the hearing with the report as required by Tenn. R. Civ. P. 53.04(1). Among other findings, the Special Master recommended that Plaintiff receive "rehabilitative alimony for life . . . " in the amount of $1,000 per month and that Defendant pay the parties' entire 1994 tax liability. With the exception of modifying the Special Master's alimony recommendation to alimony *in futuro*, the Trial Court adopted the Special Master's recommendations which precipitated Defendant's appeal. Due to the Special Master's failure to comply with Tenn. R. Civ. P. 53.04(1), we vacate the portion of the the Trial Court's judgment relative to alimony and the 1994 tax liability, affirm the remainder of the judgment, and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Vacated In Part; Case Remanded.**

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and HERSCHEL P. FRANKS, J., joined.

John P. Konvalinka and Mathew D. Brownfield, Chattanooga, Tennessee, for the Appellant, Bruce Lane Jackson.

Grace E. Daniell, Chattanooga, Tennessee, for the Appellee, Catherine Dean Jackson.

# OPINION

## Background

Catherine Dean Jackson filed a divorce Complaint in 1995 against her husband, Bruce Lane Jackson. Thereafter, the parties filed a Stipulation of Mutual Divorce in which the parties agreed both were entitled to a divorce and agreed that Plaintiff should have custody of their minor child. The Trial Court entered an Order granting the parties' divorce and awarding custody to Plaintiff. The Trial Court, in this Order, referred the remaining issues, including division of the parties' assets and liabilities, the valuation of Defendant's business, alimony, and child support to a Special Master.

Thereafter, a Special Master's Report ("1995 Report") addressing all of the issues assigned to the Special Master by the Trial Court was filed. The 1995 Report stated that an eight-hour hearing was held in October 1995, but no transcript of the hearing was attached to the report, as is required by Tenn. R. Civ. P. 53.04(1). The 1995 Report reviewed the parties' respective educational backgrounds, present and past employment, and current earnings. The Special Master found that Plaintiff earned $19,000 gross annual income as a dental assistant and that Defendant earned approximately $16,190 gross monthly income and $10,500 net monthly income as a self-employed insurance broker.[1] The Special Master also found in his report that the parties owed approximately $40,000 in federal tax liability for 1994, and recommended, that Defendant pay the entire amount of 1994 tax liability. The Special Master also recommended in his 1995 Report that rehabilitative alimony of $2,000 per month be awarded to Plaintiff which would be modified by the Trial Court in a future hearing once the parties' home was sold and the equity divided between the parties.

Defendant filed a Motion to Confirm the 1995 Report without any objections. Plaintiff filed Objections to Special Master's Report. The Trial Court entered an Order confirming the 1995 Report. The Order does not state that the Trial Court had access to the transcript of the hearing in its review of the Special Master's Report.

In June 1997, Defendant filed a motion, raising a number of issues for the Trial Court's consideration, including a request for termination of Plaintiff's award of rehabilitative alimony. The Trial Court referred this issue, along with the issues of child support and the amount Plaintiff should reimburse Defendant for the joint tax liability previously paid by Defendant, to the Special Master.

In February 1998, the Special Master filed a report ("1998 Report") in which he addressed the issues referred to him by the Trial Court, again without attaching a transcript from the hearing. The Special Master stated in his report that, due to the fault of both parties, he did not consider the issue of fault in the determination of alimony. The 1998 Report stated that Plaintiff's

---

[1] For simplicity's sake, we use round numbers in this opinion.

income from her job as a dental assistant had increased from $19,000 to approximately $22,000 to $24,000 per year. The Special Master found that Defendant's gross monthly income had not changed from the time of the 1995 Report as Defendant still was earning $11,000 per month but that Defendant had shown that he could, at times, earn up to $16,000 per month. The 1998 Report stated that in light of the duration of the parties' marriage, Plaintiff's relative economic disadvantage, the parties' standard of living during their marriage and Plaintiff's then-depression, the Special Master recommended Plaintiff receive $1,000 per month in "rehabilitative alimony for life." Plaintiff filed a Motion to Confirm Special Master's Report. In response, Defendant objected to a number of the Special Master's recommendations and factual findings, including the award of alimony to Plaintiff and the Special Master's failure to prorate the tax liability between the parties.

In March 1999, the Trial Court entered an Order adopting the 1998 Report, with the exception of the Special Master's recommendation that Plaintiff receive rehabilitative alimony for life. The Trial Court modified the alimony award to "permanent alimony for life until the death or remarriage of [P]laintiff" but approved the amount of the alimony award of $1,000 per month. Further, the Trial Court, in its 1999 Order, referred the issue of the allocation of the 1995 and 1996 tax liability to the Special Master.

The Special Master filed a third report in November 1999 ("1999 Report"), again without attaching a transcript of the hearing, in which he addressed the allocation of the 1994, 1995 and 1996 tax liability.[2] In his 1999 Report, the Special Master confirmed his previous finding from his 1995 Report that Defendant pay the entire 1994 joint tax liability and found that Defendant should pay his tax liability from 1995 and 1996. Thereafter, Plaintiff filed a Motion to Confirm Special Master's Report. Defendant objected to the 1999 Report. The Trial Court held a hearing regarding the 1994 and 1995 tax liability issue at which the parties provided testimony.

The Trial Court confirmed the 1999 Report in a Final Order which disposed of all pending issues, again apparently without having the opportunity to review a copy of the transcript from the Special Master's hearing. Thereafter, Defendant filed a Notice of Appeal, a Designation of the Record, and along with transcripts from the Trial Court's hearings, a partial transcript from the 1995 Special Master hearing and the full transcripts from the 1998 and 1999 hearings with the Special Master. The partial transcript from the 1995 Special Master hearing included only Plaintiff's testimony. Defendant also filed exhibits from the Trial Court's and the Special Master's hearings without designating the particular hearing for each exhibit. This apparently was the first time that any of the transcripts and exhibits from the Special Master hearings were made a part of the record. In her responsive pleading, citing Tenn. R. App. P. 24, Plaintiff objected, contending that the entire transcript from the 1995 hearing should be made a part of the record on appeal.

Thereafter, the Trial Court entered an Order holding that no further transcripts needed to be filed. The Trial Court held that the parties had filed all transcripts known to exist from the

---

[2] The Special Master, in his third and final report, again addressed the 1994 tax liability issue although the Trial Court did not specifically refer this particular issue to the Special Master in its 1999 Order.

Special Master hearings and that a transcript of Defendant's testimony from the 1995 hearing "no longer exists and cannot now be transcribed." The Trial Court further held that the transcripts filed "are, under these circumstances, the most fair, accurate and complete account of what has transpired . . . ." No Tenn. R. App. P. 24(c) Statement of the Evidence was filed for the missing portion of the 1995 transcript. This matter then came to this Court on Defendant's appeal. We vacate, in part, and remand.

### Discussion

On appeal, and although not exactly stated as such, Defendant argues: 1) the Trial Court erred in ordering Defendant to pay all of the parties' 1994 tax liability; and 2) the Trial Court erred in modifying the Special Master's award of "rehabilitative alimony for life" to an award of alimony *in futuro* since, Defendant argues, an award of alimony is not warranted.

Plaintiff raises no additional issues on appeal but contends the Special Master's findings and conclusions as adopted by the Trial Court are conclusive on appeal when supported by material evidence. *See Manis v. Manis*, 49 S.W.3d 295, 301, 2001 WL 60616 (Tenn. Ct. App. Jan. 25, 2001). Plaintiff also argues that since only a partial transcript from the 1995 Special Master hearing was filed by Defendant, Defendant has waived all issues requiring a reference to the transcript. Moreover, and most importantly, Plaintiff states "[t]he transcript of evidence was not considered by the trial judge in any of the hearings which resulted in acceptance of the Special Master's report." We find this final point to be dispositive of this appeal.

Tenn. R. Civ. P. 53 provides that a trial court may appoint a special master, and in its order of reference, set the issues to be addressed by the special master at a proceeding where the special master may hear counsel's arguments and witness testimony and review exhibits. Tenn. R. Civ. P. 53.01-.03. Rule 53.04 addresses the special master's report which is to be prepared after the proceeding, in pertinent part, as follows:

> The master shall prepare a report upon the matters submitted by the order of reference and, if required to make findings of fact and conclusions of law, the master shall set them forth in the report. The master shall file the report with the clerk of the court and, *unless otherwise directed by the order of reference, shall file with it a transcript of the proceedings and of the evidence and the original exhibits. . . .*

Tenn. R. Civ. P. 53.04(1) (emphasis added).

The record on appeal shows that the Trial Court referred matters to the Special Master on three occasions. The Trial Court's three orders of reference did not exempt the Special Master from the mandate of Rule 53.04(1) that a copy of the transcript of the proceedings and of the

evidence and the exhibits shall be filed with the Special Master's report. The Special Master, however, failed to file transcripts and exhibits with any of his reports. The record on appeal shows that it was only after Defendant filed his Notice of Appeal that Defendant filed the transcripts and numerous exhibits from the Special Master hearings.

Our Supreme Court found that Tenn. R. Civ. P. 53.04(1) clearly places the responsibility of filing the transcript on the special master, holding:

> [W]e are compelled to conclude that because the master does have the responsibility of filing a transcript unless specifically directed otherwise by the order of reference under the current Rule 53.04(1), the master in this case erred by failing to file a transcript. . . .

*In re Estate of Tipps*, 907 S.W.2d 400, 403 (Tenn. 1995).

In this matter, we hold that it was error for the Special Master to fail to file transcripts of the proceedings and evidence with his reports. Our inquiry, however, does not end here. A special master's failure to comply with Rule 53.04(1) is not always reversible error. *In re Estate of Tipps*, 907 S.W.2d at 403. "'[F]indings of fact by the master concurred in by the [Trial Court] are conclusive on appeal if supported by any material evidence...[,]'" and the master's failure to comply with Tenn. R. Civ. P. 53.04(1) is harmless error if there is material evidence in the record to support the master's report. *Id.* (quoting *Glenn v. Gresham*, 602 S.W.2d 256, 258 (Tenn. Ct. App. 1980)).

The record on appeal shows that, when the Trial Court adopted the Special Master's reports, it did not have, for its review, the proof submitted by the parties to the Special Master. Instead, the Trial Court had before it only the Special Master's reports, a few previously-filed documents, including the parties' Affidavits of Income and Expenses and their Assets and Liabilities Statements.[3] By contrast, the transcripts and partial transcript from the three Special Master hearings contain witness testimony regarding the issues on appeal, alimony and tax liability.

This Court explained the purpose of the requirement of Tenn. R. Civ. P. 53.04(1) that the special master file the transcript and exhibits with his report as follows:

> Once objections were timely filed to the Master's report, it was incumbent upon the Trial Judge to review the evidence and any exhibits and if he disagreed with the findings of the Master, make independent findings. The Judge could not do this in this case

---

[3] The technical record on appeal only contains these documents for both parties for 1995, and only contains Plaintiff's Affidavit of Income and Expenses for 1997. It should also be noted that after the third Special Master hearing, the Trial Court held a hearing regarding Defendant's objections to the 1999 Report. After this hearing, the Trial Court allowed Plaintiff to file supplemental exhibits, including tax returns and *portions* of the transcript from the *second* Special Master hearing.

> because he did not have the evidence heard by the Master before him
> when he confirmed the Master's report.

*Fillers v. Cash*, No. 03A01-9705-CV-00186, 1997 WL 694948, at * 2 (Tenn. Ct. App. Oct. 31, 1997).

Likewise, in this case, the Trial Court did not have the evidence considered by the Special Master when it reviewed and adopted the Special Master's reports. *See id.* Accordingly, the Trial Court had no valid way to decide if it disagreed with the Special Master's conclusions and whether it needed to make independent findings. *See id.* In light of the comparatively scant amount of evidence available to the Trial Court when it reviewed and adopted the Special Master's reports, and to us in the record on appeal, we hold there is a lack of material evidence in the record to support the Special Master's reports.[4] *See In re Estate of Tipps*, 907 S.W.2d at 403. Therefore, considering the facts and circumstances presented by the record on appeal, it was reversible error for the Special Master to fail to file the transcripts and exhibits with each of his reports. *See id.*; Tenn. R. Civ. P. 53.04(1).

## Conclusion

The portion of the Trial Court's judgment pertaining to alimony and the 1994 tax liability is vacated. The remainder of the judgment is affirmed. This matter is remanded to the Trial Court for further proceedings consistent with this Opinion to resolve the remaining issues of alimony and the 1994 tax liability, and for collection of costs below. Costs of this appeal are assessed equally against the parties, the Appellant, Bruce Lane Jackson, and his surety, and the Appellee, Catherine Dean Jackson.

_____
D. MICHAEL SWINEY, JUDGE

---

[4] We acknowledge that upon Defendant's objection to the Special Master's final report, the 1999 Report, the Trial Court itself heard testimony from the parties regarding the 1994, 1995 and 1996 tax liability issue. The record on appeal, nevertheless, shows that with respect to the 1994 tax liability, the Special Master decided that Defendant should be assigned the tax liability in his *first* report which was adopted by the Trial Court. The transcript from the first Special Master hearing contains testimony from the parties regarding the issue of their 1994 tax liability, but the Trial Court did not have access to this transcript at any time this issue was raised.