IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Submitted on Briefs October 2, 2002 Session

NANCY CRAWFORD, ET AL. v. ROGER CRAWFORD, ET AL.

Appeal from the Chancery Court for Hawkins County
No. 14226   Thomas R. Frierson, II, Chancellor
FILED NOVEMBER 14, 2002

No. E2002-00372-COA-R3-CV

Plaintiff/Appellant Nancy Crawford owns an interest in a parcel of real property located in Hawkins County, Tennessee as tenants in common with the Defendants/Appellees. Appellant Nancy Crawford filed suit seeking a partial partition in kind of the subject property and requesting a tract containing approximately .604 acre be set aside for her. The .604 acre adjoins land owned by Ms. Crawford. The .604 acre contains a barn, which Ms. Crawford and her late husband had maintained, improved, and used since the late 1980's believing it was located on their property. Appellees opposed a partition in kind and requested a partition sale. The Trial Court found it in the manifest best interest of all parties for the property to be sold, rather than partitioned in kind, and ordered a sale. We modify the judgment, affirm as modified, and remand.

Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Affirmed as Modified; Case Remanded

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and HERSCHEL P. FRANKS, J., joined.

Douglas T. Jenkins, Rogersville, Tennessee, for the Appellants, Nancy Crawford, et. al.

R.B. Baird, III, Rogersville, Tennessee, for the Appellees, Roger Crawford, et. al.

OPINION

Background

Minaphee Crawford and his wife, Hassie, were fee simple owners of approximately 28.5 acres located in Hawkins County, Tennessee. This land comprises the property at issue in this case. When Hassie Crawford died in 1988, title to the subject property vested in her seven children.

One child, Robert D. Crawford, died in 1998, leaving his widow, Nancy Crawford, and their two minor children, Robert D. Crawford, II, and Robin D. Crawford as his sole and surviving heirs at law. Nancy Crawford, Robert D. Crawford, II, and Robin D. Crawford each own an interest in the subject property, along with the many other heirs of Hassie Crawford.

In addition to her interest in the subject parcel, Nancy Crawford owns an adjoining parcel of land where her home is situated. Located in close proximity to Ms. Crawford's home is a barn. Until recently, Ms. Crawford believed this barn was located on her property. In 1987, Nancy Crawford and her late husband made some repairs to the barn and constructed an attached shed. They also used the barn for many years for the storage of hay. Additionally, Nancy and Robert Crawford paid the taxes on the portion of land containing the shed believing they owned the land.

After her husband's death, Ms. Crawford discovered the barn was not on her property. She unsuccessfully attempted to work out an agreement with her co-owners and subsequently sued for partition in kind requesting a tract of approximately .604 acre containing the barn and shed be set aside for her. Ms. Crawford was not, however, concerned with whether the remainder of the subject property was partitioned in kind or by sale testifying at trial she didn't "want anything to do with that [decision]."

Evidence at trial indicated the subject property consists of some valuable bottom land, some less valuable hill land, and some improvements. Ms. Crawford testified the portion of land she requested is less in acreage than her pro rata share and she believes the value of the .604 acre is less than, or equal to, her interest in the property.

Ms. Crawford and both of her experts, a real estate appraiser and a registered land surveyor, testified it would be difficult, but not impossible, to partition the subject property in kind. The Appellees provided no expert testimony, but two of the Appellees testified they did not think partition in kind according to value was possible.

Hayden Mallory, Ms. Crawford's expert real estate appraiser, testified allotting the .604 acre to Ms. Crawford would not hurt the sale of the remainder of the property. This opinion, however, was based in part on Mr. Mallory's misconception that the property line ran through the barn. Mr. Mallory testified that although he had never encountered a situation where part of a barn sat on one person's property and the remainder on the property of another, it had been his experience that people would hesitate to bid on property where they had to share a pond. A survey done by Gary Weems, Ms. Crawford's expert registered land surveyor, shows the property line does not run through the barn or the attached shed. Ms. Crawford testified, however, she and her late husband had paid taxes on the shed-half of the barn ever since the shed was constructed. Mr. Mallory also testified cutting out the .604 acre would not decrease the value of the remainder of the property more than Ms. Crawford's share.

Mr. Weems, who had surveyed the property, testified setting aside the .604 acre for Ms. Crawford would not hurt the remainder of the property because several building sites with road

frontage could be cut out of the remainder. Mr. Weems also testified seven shares of roughly equal value could be cut out of the property without much difficulty. Mr. Weems testified it would not damage the ability to divide the remainder of the property if the .604 acre were set aside for Ms. Crawford.

Appellee, Velma Pennington, testified she wanted the property sold as a whole because this was what her father intended. Contrary to all the other trial witnesses, Ms. Pennington testified she believed the most valuable portion of the subject property was the area where the barn and the houses are located. All other witnesses, at least those who were asked, testified the most valuable portion was the three acres of bottom land located across the road from the barn. Ms. Pennington testified she was not "a real estate person," but she did not think the .604 acre could be set aside and the remainder of the property divided according to value.

Appellee, Charles Crawford, testified he did not have any training or particular expertise on dividing land, but he did not think there was any way to divide the property into seven tracts equal in value "'cause part of it is not usable." Tim Crawford, Charles' son, also testified, but his testimony was not relevant to any issues on appeal. Appellees provided no other witnesses, but stated three more interested parties could testify if necessary. This additional testimony would have been cumulative and was, therefore, not produced.

The Trial Court ordered the property sold and further ordered that Nancy Crawford receive, in addition to her pro rata share of the sale proceeds, $1,982.91 representing a pro rata share of the taxes she previously paid for the benefit of the co-tenants, $138.00 for repairs made to the old barn, and $548.00 for the construction of the shed attached to the barn. Ms. Crawford appeals the Trial Court's decision denying her a partition in kind solely as to her interest in the property.

### Discussion

On appeal, one issue is presented for review: whether the Trial Court erred in ordering partition by sale rather than partition in kind.

Our review is *de novo* upon the record, accompanied by a presumption of correctness of the findings of fact of the trial court, unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d); *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001). A trial court's conclusions of law are subject to a *de novo* review with no presumption of correctness. *S. Constructors, Inc. v. Loudon County Bd. of Educ.*, 58 S.W.3d 706, 710 (Tenn. 2001). "The conclusion to be drawn from [the] facts, and whether they authorize a sale, is, of course, a matter of law." *Wilson v. Bogle*, 32 S.W. 386, 388 (Tenn. 1895).

This Court has held: "It is the policy of the law to give each person his own in severalty and not to force him to continue in partnership with another." *Nicely v. Nicely*, 293 S.W.2d 30, 32 (Tenn. Ct. App. 1956). Toward this end, Tennessee statutes long have provided any person having an estate for years in land, as a tenant in common with others, is entitled to partition either

in kind or by sale. *See* Tenn. Code Ann. § 29-27-101 (2001). "Courts have a measure of discretion as to the *manner* of partition but none as to the *fact*." *Yates v. Yates*, 571 S.W.2d 293, 296 (Tenn. 1978) (emphasis in original).

"It is well settled that where real estate can be partitioned in kind among the parties interested, it should not be sold for division but should be partitioned in kind." *Glenn v. Gresham*, 602 S.W.2d 256, 258 (Tenn. Ct. App. 1980). Tenn. Code Ann. § 29-27-201, however, provides two conditions under which a partition sale, rather than partition in kind, is appropriate. Tenn. Code Ann. § 29-27-201 (2001). Specifically, the statute states:

> Any person entitled to a partition of premises, ... is equally entitled to have such premises sold for division, in the following cases:
>
> > (1) If the premises are so situated that partition thereof cannot be made; or
> > (2) Where the premises are of such description that it would be manifestly for the advantage of the parties that the same should be sold instead of partitioned.

Tenn. Code Ann. § 29-27-201 (2001). "The burden of proof is on him who seeks the sale." *Glenn*, 602 S.W.2d at 258. "This is a heavy burden. 'Nothing short of the clearest and most satisfactory proof could justify the Court in ordering a sale against the protest of one of the tenants in common.'" *Miller v. Miller Bros. Farms, Inc.*, No. 03A01-9808-CH-00294 (consolidated with case Nos. 03A01-9808-CH-00295 and 03A01-9808-CH-00296), 1999 Tenn. App. LEXIS 701, at *3-4 (Tenn. Ct. App. Oct. 15, 1999), *appl. perm. appeal denied Feb. 28, 2000,* (quoting *Reeves v. Reeves*, 58 Tenn. 669, 674 (Tenn. 1872)).

Satisfying either condition of Tenn. Code Ann. § 29-27-201 is sufficient to trigger the right to a sale. *See Medley v. Medley*, 454 S.W.2d 142, 151 (Tenn. Ct. App. 1969) (dealing with Tenn. Code Ann. § 23-2128, the precursor to Tenn. Code Ann. § 29-27-201). The Middle Section of this Court held in *Medley*:

> The mere fact that land may be partitioned among cotenants is not conclusive that a sale should not be ordered. If by partition the value of all shares would be less than the value of the tract as a whole then partition would be manifestly inequitable and a sale should be decreed.

*Medley*, 454 S.W.2d at 151. "It is the right of a tenant in common to have a division, unless it is manifestly the interest of both that it should be sold." *Baumgartner v. Baumgartner*, 67 S.W.2d 154, 159 (Tenn. Ct. App. 1933). The test for determining whether a sale is manifestly for the advantage of the parties is "whether [the land] will bring more money when sold as a whole than the several shares would bring in the aggregate when sold separately to different purchasers, after a partition in kind." *Nicely*, 293 S.W.2d at 33.

"Partition in kind is required ... where neither condition [of Tenn. Code Ann. § 29-27-201] exists." *Glenn*, 602 S.W.2d at 258 (dealing with Tenn. Code Ann. § 23-2128, the precursor to Tenn. Code Ann. § 29-27-201). Our statutes provide, however, partition in kind need not be ordered for the entire property. *See* Tenn. Code Ann. § 29-27-104 (2002). A partial partition in kind is allowed under Tenn. Code Ann. § 29-27-104, which provides:

> [P]artition shall be made according to the respective rights of the parties, setting apart to such as desire it their shares in severalty, and leaving the shares of others, if desired, in common; and if there are minors, the court may, in its discretion, leave their shares in common, or set them apart to each in severalty, as may appear to be just, upon the proof introduced.

Tenn. Code Ann. § 29-27-104 (2002).

The Middle Section of this Court has held:

> Although a court may order a sale without commissioners in a proper case, it appears that it is generally intended that an effort be first made by commissioners to partition in kind....This general rule is especially applicable when one or more of the owners opposes sale for partition. In such an event, an effort should be made to accommodate the owner seeking his share in kind, leaving the remainder for sale for division.

*McLean v. Murphy*, No. 01-A-01-9305-CH-00212, 1993 Tenn. App. LEXIS 695, at *17 (Tenn. Ct. App. Nov. 3, 1993), *no appl. perm. appeal filed*. In *McLean*, this Court stated a partial partition in kind could be made allocating to the parties who opposed a sale one-half the value of the land.[1] *McLean*, 1993 Tenn. App. LEXIS 695, at *16. The other half of the land could then be allocated to the remaining heirs, who could proceed to partition their half by sale. *Id*. The *McLean* Court held the Trial Court's order of sale be vacated without prejudice so further proceedings could be held to explore the feasability of a partial partition in kind. *Id*. at *17.

Since the conclusion to be drawn from the facts regarding whether a sale is authorized is a matter of law, we subject the Trial Court's decision to a *de novo* review with no presumption of correctness. We hold the Trial Court erred in ordering a complete partition by sale.

In order to obtain a partition by sale, Appellees must carry the burden of proving they are entitled to a sale under Tenn. Code Ann. § 29-27-201. After a thorough review of the record, we find the Appellees have not carried their burden with the clearest and most satisfactory proof. Appellees merely produced two witnesses who testified they did not "think" the property could be partitioned in kind. Appellees produced no expert testimony to support their contention. On the other hand, Ms. Crawford produced expert witness testimony that partition in kind might be difficult,

---

[1]The parties who opposed the sale held a one-half undivided interest in the subject land.

but not impossible. These experts also testified setting aside the .604 acre would not lessen the value of the remainder of the property any more than Ms. Crawford's share. Ms. Crawford's share if the property were partitioned by sale would, of course, include both her interest in the land, and the money the Trial Court awarded her to cover the previously paid taxes, the repairs to the barn, and the construction of the shed.

Although the Trial Court held it would be in the manifest best interest of the parties for the property to be sold, the evidence preponderates against this conclusion. The record contains no evidence showing that a sale of all of the property would result in more money for the Appellees than would a sale of the remaining property after a partial partition was made to Ms. Crawford. Ms. Crawford, however, did provide evidence in support of her position that cutting out the .604 acre would not lessen the value of the remainder of the property any more than Ms. Crawford's share. From the record before us, the evidence preponderates in favor of a finding that the Appellees will receive as much money for their shares from a partition sale of the remaining property, after the .604 acre partition in kind to Ms. Crawford, as they would from a partition sale of the entire property. Thus, Appellees did not satisfy the test of "manifestly for the advantage of the parties" and did not show they were entitled to a sale under Tenn. Code Ann. § 29-27-201. Since the Appellees did not satisfy their burden, the Trial Court was not justified in ordering a sale against the protest of Ms. Crawford.

Under Tenn. Code Ann. § 29-27-104, Ms. Crawford is entitled to a partial partition in kind. We modify the judgment of the Trial Court to order a partial partition in kind of the .604 acre to Ms. Crawford with a partition sale of the remaining property to take place as ordered by the Trial Court with the proceeds divided among the remaining heirs, including Ms. Crawford's two children as their interests appear. We remand this case to the Trial Court to facilitate awarding Ms. Crawford a partial partition in kind of the .604 acre as her sole and complete remedy for any and all interest she holds in the subject parcel.

## Conclusion

The judgment of the Trial Court is affirmed as modified, and this cause is remanded to the Trial Court for such further proceedings as may be required consistent with this Opinion and for collection of the costs below. The costs on appeal are assessed against the Appellees, Roger Crawford, et. al.

_____
D. MICHAEL SWINEY, JUDGE