IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
March 11, 2015 Session

## JOHN HOLMES PEACHER-RYAN, ET AL. v. HEIRS AT LAW OF RUTH JAMES GAYLOR ET AL.

Appeal from the Probate Court for Shelby County
No. D-14371     Kathleen N. Gomes, Judge

No. W2013-02801-COA-R3-CV- Filed April 9, 2015

This is an appeal of the trial court's adoption of a special master's report. The trial court referred the case to the special master for determination of the proper heirs of a residuary trust. Because the procedure in the trial court failed to comply with the requirements of Tennessee Rule of Civil Procedure 53, we vacate and remand.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Probate Court is Vacated and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and BRANDON O. GIBSON, J., joined.

Steven M. Markowitz, Memphis, Tennessee, for the appellants, Mary Jane Hardin, David Ryan Hickel, Elizabeth Hickle Imes, James Edward Jeter, Jr., John Holmes Peacher-Ryan, and Carolyn Gaylor Ryan.

Daniel Chain Shumaker, Memphis, Tennessee, for the appellees, Brenda Creech, Kay Nabors Garrone, Nita Frances Krist, and Patsy Ruth Nelson; Blanchard Everett Tual, Memphis, Tennessee, for the appellees Elizabeth Doughtery Dickinson, Ward Gaylor Doughtery, and Mary Ann Gaylor Odom; Kenneth P. Jones, Memphis, Tennessee, for appellee Elizabeth Ziarko; Edward Thomas Autry, Memphis, Tennessee, for appellee Estate of Lillian Ruth James Gaylor; and Josh Graves, Hickory Valley, Tennessee, appellee, *pro se*.

## OPINION

### I. Background

William Arch Gaylor ("Testator") died September 12, 1983. Testator had no children, but was survived by his wife, Lillian Ruth James Gaylor ("Mrs. Gaylor"). The Testator's will, which was admitted to probate on September 28, 1983, established two trusts of equal value. The first trust, which Testator characterized as the "marital share," was bequeathed to Mrs. Gaylor and is not at issue in this appeal. Here, we are concerned with the second trust, which Testator named the "non-marital share (the remainder of my estate)" (we will refer to this trust as the "Residuary Trust"). The Testator named Elizabeth B. Ziarko, a lawyer, as his Trustee. Pursuant to Testator's will, the Trustee was to pay the net income of the Residuary Trust to Mrs. Gaylor during her lifetime in regular installments. Ms. Ziarko was further authorized to distribute any and all of the principal of the Residuary Trust to Mrs. Gaylor for her care, support, and maintenance. Upon Mrs. Gaylor's death, Testator devised whatever remained in the Residuary Trust to his nieces and nephews in equal share. The nieces and nephews were specifically named in Testator's will: Adelia Ryan Jeter, Marguerite Ryan Hickel, John Erle Ryan and Joseph Arch Ryan.

Mrs. Gaylor died testate on April 12, 2011; her will was admitted to probate on July 29, 2011. Testator's nieces and nephews all predeceased Mrs. Gaylor, creating uncertainty as to what persons are lawfully entitled to receive the distribution of the assets of the Residuary Trust created by Testator.

On July 10, 2012, John Holmes Peacher-Ryan, son of John Erle Ryan, and Elizabeth Imes, daughter of Marguerite Ryan Hickel, filed a petition against Elizabeth Ziarko, seeking an accounting, termination of the Residuary Trust, and full distribution of the proceeds thereof. On July 13, 2012, Ms. Ziarko filed an answer to the petition. Concurrent with her answer, Ms. Ziarko filed a counter-petition against the Heirs at Law of Ruth James Gaylor, the Heirs at Law of William Arch Gaynor, and against Ellen Kaye Montgomery Fields, in her capacity as the Executrix of the Estate of Lillian Ruth James Gaylor. Ms. Ziarko filed an amendment to the counter-petition on September 7, 2012 to discuss other potential heirs. Appellants are the children of Testator's named nieces and nephews, namely Mary Jane Hardin, David Ryan Hickel, Elizabeth Hickel Imes, James Edward Jeter, Jr. John Holmes Peacher-Ryan, and Carolyn Gaylor Ryan (together, "Appellants"). Appellees are the heirs at law of Lillian Ruth James Gaylor, namely Josh Graves, Brenda Creech, Kay Nabors Garrone, Nita Frances Krist, Patsy Ruth Nelson, Elizabeth Doughtery Dickinson, Ward Gaylor Doughtery, and Mary Ann Gaylor Odom, along with the Estate of Lillian Ruth James Gaylor, and Elizabeth Ziarko (together, "Appellees").[1]

---

[1] On August 25, 2014, Ms. Ziarko filed notice with this Court that she "takes no position regarding what persons are the proper beneficiaries of the proceeds of the Trust" and "does not intend to file a brief or to participate in oral argument." Likewise, on December 1, 2014, Appellees Mary Ann Gaylor Odom, Ward Gaylor Doughtery, and Elizabeth Doughtery Dickinson notified this Court that they, too, did not intend to

2

On March 21, 2013, the trial court entered an order, wherein it appointed Joe M. Duncan as Special Master.[2] The order of referral indicated that "[t]he single issue to be submitted to the Master . . . is the determination of the rightful heirs of the Residuary Trust (non-marital share) established under the Last Will and Testament of William Arch Gaylor." On September 10, 2013, the Special Master sent copies of his report to all parties or his or her lawyer, along with a cover letter, stating only: "Enclosed please find a filed copy of the Report and Ruling of [the] Special Master in the above-referenced matter." The attached report is stamped "Filed September 10, 2013." In its report, the Special Master concluded that the Residuary Trust

> would pass to [Testator's] heir at law determined as of the date of his death, and at that time, since he had no children or issue, his sole heir would have been his wife, Ruth. Since Ruth was the sole heir at law of [Testator] at his death, and since he died testate, the assets of the Residuary Trust should pass in accordance with the terms of Ruth's Last Will and Testament.

On September 27, 2013, Ellen Kaye Montgomery Fields, as Executrix of the Estate of Lillian Ruth James Gaylor, filed a motion to adopt the Special Master's report. On October 4, 2013, John Holmes Peacher-Ryan filed a motion to quash hearing on Ms. Fields' motion. Therein, Mr. Peacher-Ryan asserted that the Tennessee Rule of Civil Procedure 53.04(2) ten-day period, within which a party may file any objection to the Special Master's report, had not been triggered in the case because the clerk had not mailed notice of the filing of the Special Master's report as required under Tennessee Rule of Civil Procedure 53.04(1). On October 8, 2013, the trial court held a hearing on these motions. By order of November 1, 2013, the trial court adopted the Special Master's report verbatim and denied Mr. Peacher-Ryan's motion to quash.

## II. Issues

Appellants raise the following issues in their brief:

1. May litigants rely on the plain language of Tennessee Rule of Civil Procedure 53.04(1) & (2) in computing the beginning of the 10 day period for filing objections to the master's report?

2. Is the record before the trial court and/or the record on appeal from the trial court's order granting Appelleee's motion to affirm the findings of

file a brief or to participate in oral argument.
[2] We note that the order of reference was entered by Judge Benham before his retirement. The case was ultimately decided by Judge Gomes.

3

the special master insufficient as a matter of law to permit determination of the basis for the motion or the trial court's judgment?

3.  Did the trial court err by affirming the report of the master on an outcome-determinative basis, i.e., who was entitled to the corpus of the decedent's estate, without making independent judicial inquiry?

4.  Did both the master and the trial court fail to appreciate the evidence set forth in Mr. Gaylor's will that, taken together with the codicil, indicates his clear intention to leave the proceeds of the non-marital trust to "his" rather than "his wife's" relatives?

## III.  Standard of Review

At the outset, we note that the issue regarding the rightful heirs of the Residuary Trust was first heard by the Special Master, and the trial court adopted the Special Master's findings and conclusions *in toto*. At the time the trial court referred the case to the Special Master, none of the parties raise an issue regarding the trial court's appointment of a special master to resolve the heir dispute.  Nonetheless, we must address that issue briefly because it affects our standard of review in this appeal.

This Court has outlined the applicable standard of review where the trial court has referred the matter on appeal to a special master:

> The standard of review in situations involving the findings of a special master is set forth in Tenn.Code Ann. § 27-1-113: "Where there has been a concurrent finding of the master and chancellor, which under the principles now obtaining is binding on the appellate courts, the court of appeals shall not have the right to disturb such finding."

*Bradley v. Bradley*, No. M2009–01234–COA–R3–CV, 2010 WL 2712533, at *6 (Tenn. Ct. App. July 8, 2010). Under this standard, concurrent findings of fact by a special master and a trial court are conclusive and cannot be overturned on appeal. *Manis v. Manis*, 49 S.W.3d 295, 301 (Tenn. Ct. App. 2001). However, "[t]his heightened standard of review applies only to findings that are made by both the [s]pecial [m]aster and the [trial court]." *In re Estate of Ladd*, 247 S.W.3d 628, 637 (Tenn. Ct. App. 2007). Thus, "[t]he trial court's order referring certain matters to the Special Master, the Special Master's report, and the trial court's order on the report affect our standard of review on appeal." *Bradley*, 2010 WL 2712533, at *6 (quoting *Pruett v. Pruett*, No. E2007–00349–COA–R3–CV, 2008 WL 182236, at *4 (Tenn. Ct. App. Jan. 22, 2008); *Dalton v. Dalton*,

4

No. W2006–00118–COA–R3–CV, 2006 WL 3804415, at *3 (Tenn. Ct. App. Dec. 28, 2006)). "However, a concurrent finding is not conclusive where it is upon an issue not properly referred to a special master, where it is based upon an error of law or a mixed question of fact and law, or where it is not supported by any material evidence." *Bradley*, 2010 WL 2712533, at *6 (citing *Manis*, 49 S.W.3d at 301).

Because findings on issues not properly referred to a special master are not binding on the appellate court, we must ascertain whether the trial court properly referred the question of the proper heirs of the Residuary Trust to the special master. Under Rule 53 of the Tennessee Rules of Civil Procedure, trial courts have broad discretion in choosing to submit a matter to a special master. Tenn. R. Civ. P. 53.01. "The trial court, however, may not refer all matters to the special master." *Vraney v. Medical Specialty Clinic, P.C*., No. W2012–02144–COA–R3–CV, 2013 WL 4806902, at *33 (Tenn. Ct. App. Sept. 9, 2013). As the *Vraney* Court explained:

> The main issues of a controversy and the principles on which these issues are to be adjudicated must be determined by the trial court. Collateral, subordinate, and incidental issues and the ascertainment of ancillary facts are matters properly referred to a special master.

*Id.* at *34 (internal citations omitted). In *Vraney*, this Court concluded that the trial court did not abuse its discretion in referring the calculation of damages under the parties' contract to a special master because the damage calculation in that case was complex. *Id*. at * 35. Under those circumstances, the matter was "a proper subject" for referral to a master. *Id*. at *35. We emphasized, however, that "[t]he trial court did not place any substantive legal issues in the Special Masters' purview." *Id*. The same cannot be said of the instant case.

Here, the trial court's order appointing a special master characterizes the Special Master's task as "determination of the rightful heirs of the Residuary Trust." The issue referred to the Special Master was not collateral, subordinate or incidental; it was, in fact, the primary question in the controversy before the trial court. *Vraney*, 2013 WL 4806902, at *34. While the determination of a will contest with as many potential heirs as this case has may be a complex endeavor, "[m]ere inconvenience is not an acceptable basis for such a referral" to a special master. *Frazier v. Bridgestone/Firestone, Inc.*, 67 S.W.3d 782, 784 (Tenn. Workers' Comp. Panel Oct. 19, 2001). Therefore, because the issue referred by the trial court to the Special Master was essentially a question of law and was the primary issue in the case, we must conclude that the issue was "not properly referred to a special master." *Bradley*, 2010 WL 2712533, at *6. Our normal course would be to decline to apply the standard of review set forth in Tennessee Code Annotated Section 27-1-113, and instead review the trial court's conclusions on the issue of the proper heirs

5

*de novo* on the record with no presumption of correctness. However, the lack of a transcript of the proceedings before the Special Master in this case negates our ability to conduct any meaningful review and further violates Tennessee Rule of Civil Procedure 53.

## IV. Compliance with Tennessee Rule of Civil Procedure 53

Rule 53.04 of the Tennessee Rules of Civil Procedure clearly sets forth both a special master's duties, as well as the trial court's, when a special master has been appointed to assist in a non-jury trial:

> (1) Contents and Filing. The master shall prepare a report upon the matters submitted by the order of reference and, if required to make findings of fact and conclusions of law, the master shall set them forth in the report. The master shall file the report with the clerk of the court and, **unless otherwise directed by the order of reference, shall file with it a transcript of the proceedings and of the evidence and the original exhibits**. The clerk shall forthwith mail to all parties notice of the filing.

> (2) In Non-jury Actions. In an action to be tried without a jury the court shall act upon the report of the master. **Within ten (10) days after being served with notice of the filing of the report**, any party may serve written objections thereto upon the other parties. Application to the court for action upon the report and upon objections thereto shall be by motion and upon notice as prescribed in Rule 6.04. The court after hearing may adopt the report or may modify it or may reject it in whole or in part or may receive further evidence or may recommit it with instructions.

Tenn. R. Civ. P. 53.04 (emphases added). To the extent that our analysis requires us to interpret the foregoing rule of civil procedure, our Supreme Court has instructed:

> Interpretation of the Tennessee Rules of Civil Procedure is a question of law, which we review *de novo* with no presumption of correctness*. Lacy v. Cox*, 152 S.W.3d 480, 483 (Tenn. 2004). The rules of statutory construction guide our interpretation of these rules. *Thomas v. Oldfield*, 279 S.W.3d 259, 261 (Tenn. 2009) (holding that "[a]lthough the rules of civil procedure are not statutes, the same rules of statutory construction apply"). Our primary interpretive objective is to effectuate the drafters' intent without broadening or restricting the intended scope of the rule. *See Owens v. State*, 908 S.W.2d 923, 926 (Tenn. 1995). We achieve this objective by examining the text, and if the language is unambiguous, we simply apply the plain meaning of the words used. *Garrison v. Bickford*, 377 S.W.3d

659, 663 (Tenn. 2012). Our duty is to enforce the rule as written. *See Waldschmidt v. Reassure Am. Life Ins. Co*., 271 S.W.3d 173, 176 (Tenn. 2008).

*Fair v. Cochran*, 418 S.W.3d 542, 544 (Tenn. 2013).

## A.  No Transcript of the Hearing before the Special Master

In this case, the trial court's order of reference does not relieve the Special Master of the requirement to submit "a transcript of the proceedings and of the evidence and the original exhibits." Tenn. R. Civ. P. 53.04(1).  Rather, the referring order states only that the Special Master "shall have all power listed and shall follow all procedures listed under Tenn. R. Civ. P. 53." Nonetheless, the failure to file a transcript is not always reversible error. For example, in *In re Estate of Tipps*, 907 S.W.2d 400 (Tenn. 1995), our Supreme Court declined to reverse the judgment of the trial court that had approved and adopted the master's report even though no transcript of the proceedings before the master was filed. *Id.* at 403. That determination was made on the basis that: (1) findings of fact by the master concurred in by the trial court are conclusive on appeal if supported by any material evidence; and (2) the record included a detailed document setting out the work done by the executor whose fees were reduced by the master. The Court found that document "when considered in conjunction with the briefs and arguments of counsel and the other materials in the technical record . . . fully supports the result reached...." *Id*.

The purpose of the requirement that the special master file a record of proceedings is so that the trial court can review any evidence taken before the master and make independent findings. *Fillers v. Cash*, No. 03A01-9705-CV-00186, 1997 WL 694948 (Tenn. Ct. App. Oct. 31, 1997) (no Tenn. R. App. P. 11 application filed). Whether the trial court affirms, rejects, or modifies the master's report, there must be material evidence in the record to support the court's findings. *See Glen v. Gresham*, 602 S.W.2d 256, 258 (Tenn. Ct. App. 1980).  That evidence may be found in the transcript of evidence taken before the master, if there is a transcript, or from additional proof taken by the trial court in ruling on the master's report, or from proceedings held by the trial court prior to referral to the master.  *Rimel v. Fulton*, 564 S.W.2d 364 (Tenn. Ct. App. 1976). The master's failure to comply with Tenn. R. Civ. P. 53.04(1) by filing a transcript or record of the proceedings before the master is harmless error if there is material evidence in the record to support the master's report. *In Re Estate of Tipps*, 907 S.W.2d at 403 (citing *Glenn*, 602 S.W.2d at 258).[3]  Here, we cannot conclude that the absence of

---

[3] As noted in 4 Nancy F. MacLean, <u>Tennessee Practice: Rules of Civil Procedure</u> § 53:6 (4th ed.):

> The issue of whether to preserve a record of the hearing before the master often arises
> when parties attempt to save the expense of a transcript. Lawyers and the master can

a transcript of the proceedings before the Special Master is harmless error because there is no other material evidence on which we can determine the basis of the trial court's adoption of the Special Master's ruling, or from which we can conclude that the trial court made any independent review of the case before adopting the Special Master's report.

## B. Lack of Independent Review by the Trial Court

As we have recognized:

> Tenn. R. Civ. P. 53.04(2) mandates action by the trial court. It provides that in a non-jury action the trial court "shall act upon the report of the master." This rule requires the judgment of the trial court. The court cannot abdicate to the master its responsibility to make a decision on the issue in question. It must do more than "rubber stamp" what the master has done. Should it decide to confirm the master's report, it must be satisfied, after exercising its independent judgment, that the master is correct in the decision he has made.

*Lakes Property Owners Ass'n, Inc. v. Tollison*, No. 03A01-9402-CV-00038, 1994 WL 534480 (Tenn. Ct. App. Oct. 4, 1994). In ruling on the motion to quash, the trial court states its only reason for adopting the Special Master's report: "I have read the Clerk and Master's [sic] Report, and I'm going to—and I think it's very clear and concise, and I'm going to approve it." This statement does not indicate the trial court's independent review of the Special Master's findings; at most, it indicates a "rubber stamp" of the Master's report, which is not in keeping with the mandates of Rule 53.

## C. Clerk's Failure to Mail Notice of Filing of the Special Master's Report

In addition to the lack of an independent review of the Special Master's report by the trial court, and the lack of the required transcript of the hearing before the Special Master, there is an additional issue here concerning compliance with Rule 53. As discussed above, here, the Special Master did not follow the usual procedure, which would require the master to submit his or her findings to the clerk. Under Tennessee Rule of Civil Procedure 53.04(1), upon receipt of the master's report, "[t]he clerk **shall**

address the transcript expense and stipulate in a writing which is filed with the court, that (1) a record of the master hearing is waived and (2) the parties agree to accept the findings of the master as conclusive, final and binding upon the parties.

*Id*. (citing Tenn. R. Civ. P. 53.04(4)). Here, there is no indication that the parties stipulated or agreed that a record of the Special Master's hearing was waived.

forthwith mail to all parties notice of the filing" (emphasis added). Typically, the use of the word "shall" in a rule or statute indicates that the action prescribed is mandatory rather than discretionary. *See Bellamy v. Cracker Barrel Old Country Store, Inc.*, 302 S.W.3d 278, 281 (Tenn. 2009) ("When 'shall' is used in a statute or rule, the requirement is mandatory."); *Bolin v. Tenn. Farmer's Mut. Ins. Co.*, 614 S.W.2d 566, 569 (Tenn. 1981) ("The general rule is that the word 'shall' ordinarily is construed to be mandatory rather than merely directory."); *Stubbs v. State*, 393 S.W.2d 150, 154 (Tenn. 1965) (noting that by using the word "shall," the General Assembly "leaves no room for discretion"). Accordingly, Rule 53.04(1) requires the clerk, and no other party, to mail the notice of filing of the special master's report. Because the clerk's duty is mandatory, the fact that the Special Master mailed the parties a copy of his report (even if stamped "filed") is not sufficient to satisfy Rule 53.04(1). Only the clerk may satisfy the rule.

Under Tennessee Rule of Civil Procedure 53.04(2), it is the clerk's mailing of this notice that triggers the start of the ten-day period during which a party may file an objection to the master's report, i.e., "[wi]thin ten (10) days **after being served with notice of the filing of the report**," a party "may serve written objections . . . upon the other parties." There is no ambiguity in this language. It is clear that the clerk's service of notice of the filing of the special master's report is the triggering event for the running of the ten-day period within which to file an objection. Here, there is no indication that the clerk complied with Tennessee Rule of Civil Procedure 53.04(1) by mailing notice of the filing of the Special Master's report to the parties or their respective attorneys so as to trigger the ten-day period under Tennessee Rule of Civil Procedure 53.04(2). Accordingly, Appellants were never given an opportunity to make written objections to the report prior to the trial court's adoption of it. This being the case, we conclude that the trial court erred in failing to follow the procedure set forth in Rule 53.04.

## V. Conclusion

For the foregoing reasons, we vacate the order of the trial court and remand the case for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed against the Appellees, Brenda Creech, Kay Nabors Garrone, Nita Frances Krist, Patsy Ruth Nelson, Elizabeth Doughtery Dickinson, Ward Gaylor Doughtery, Mary Ann Gaylor Odom, and Josh Graves, for all of which execution may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE