**Allan Thomas YATES, Petitioner,**

v.

**Patsy Ingram YATES, Respondent.**

Supreme Court of Tennessee.

Oct. 2, 1978.

Sam M. Plummer, Chattanooga, for petitioner.

Michael M. Raulston, Chattanooga, for respondent.

## OPINION

HENRY, Chief Justice.

This is essentially a suit for the partition of land. The Chancellor, after hearing substantial proof, divested petitioner of all his right, title and interest in real estate owned as a tenant in common, and ordered him to execute a quitclaim deed to his co-tenant. The Court of Appeals affirmed and remanded, holding that respondent furnished all the purchase money and was the beneficiary of a resulting trust.

We granted certiorari to examine this holding; but after a thorough examination of the record in light of the applicable law, we reluctantly reached the conclusion that the relief granted is beyond the scope of the pleadings and, therefore, the judgment must be vacated. We examine the pleadings.

### I.

### *The Complaint*

The body of the complaint (designated as a Petition to Sell Real Estate) contains two paragraphs. The first alleges the joint ownership by the parties of a house and lot located at 1710 Gray Road, Chattanooga, Tennessee, having a value of $35,000.00 and encumbered by an indebtedness of $16,037.61 to Chattanooga Federal Savings and Loan Association. The second paragraph contains nothing of relevance to a partition suit. Chattanooga Federal is not made a party to the suit. No mention is made of any personal property.

Petitioner prays that the property be "sold at private sale if same can be agreed upon between the parties and upon their failure to agree, the Clerk and Master sell said property;" for a reference to the clerk and master to ascertain the equities of the parties in the real estate and "equity in personal property acquired by the parties jointly;" and for a restraining order to prevent the disposition of the personal property.[1]

The pleadings, practice and procedure followed in this lawsuit are not in accord with the established rules with respect to the pleadings and practice of partition suits.

▬ The land is not described in the complaint or any other pleadings, nor in the final decree.[2] There is no allegation, beyond a bare recital of ownership, of the respective interests of the parties, or of any claim or demand of either for contributions made individually, or of any necessity for an accounting between the co-tenants. The holder of the first mortgage indebtedness is not made a party to the action. Better practice requires that all persons or entities having an interest in the property or in the distribution of the proceeds be made parties and served with process.

▬ It is essential that the complaint in a partition suit set out a correct legal description of the property, and its situation, the interest of each of the parties, and such other facts as may be necessary to show the various rights and equities of the parties and those interested in the distribution of the proceeds of any sale or who might be affected by a partition in kind. *See* Gibson's Suits in Chancery, Sec. 1106 (Fifth Ed. 1956).

There is no allegation that the premises are "so situated that partition thereof cannot be made" or "that it would be manifestly for the advantage of the parties that the same should be sold instead of partitioned." Section 23–2128, T.C.A. Nor was there any reference to the master to determine these and other vital questions.

### II.

### *Answer and Counterclaim*

The answer admits joint ownership in unspecified proportions and asserts that petitioner has made no contribution.

1. The prayers relating to personal property are nullities since they are neither prompted by, or predicated upon, any allegation contained in the complaint.

2. The Court of Appeals remanded for the purpose of amending the pleadings to include a legal description of the property and for the entry of a revised decree.

The counterclaim asserts an indebtedness of $3,500.00 owed respondent by the petitioner and charges that petitioner is liable to her "for damages for personal injuries" sustained when she was "beaten and kicked severely by the counter-defendant and robbed of all her money."[3] For this tortious conduct respondent demands judgment in the sum of $70,000.00.

The counterclaim prays that "the Court divest all interests out of the counter-defendant and vest all interests in the real property in the counter-complainant," for judgments in the sums of $3,500.00 and $75,000.00 and that the court "declare all right, title and interest in the property to be in the counter-complainant."

■ The net legal effect of this pleading is to assert a claim for $3,500.00 and, when viewed with the same liberality as we have indulged the defective complaint, to invoke Section 23–2115, T.C.A., thereby seeking to have the court adjust the respective rights, titles and interests of the parties in and to the real estate. Again, the personal property is not involved.

The answer of the counter-defendant to what his counsel denominates as a cross-complaint, denies the $3,500.00 indebtedness and the infliction of personal injury upon counter-claimant.

This is the fragile pleading predicate upon which this lawsuit is based.

### III.

### The Issues Before The Court

From the foregoing analysis it is apparent that there are only two issues before the Court, viz:

1. The right of the petitioner to partition and the respective rights and interests of the parties in and to the proceeds of partition.[4]
2. The entitlement of respondent to a judgment for $3,500.00.

### IV.

### The Right to Partition

■ As a general proposition of law, a tenant in common is entitled to partition, or sale for partition. Section 23–2101, T.C.A. As stated by Chancellor Gibson:

The policy of the law is to give each person his own, in severalty, and not to force a person to continue in partnership with another. Section 1105, Gibson's Suits in Chancery (Fifth Ed.)

■ The statutory recognition of this to-each-his-own policy mandates that the courts decree partition of real estate owned as tenants in common if the property is susceptible of such partition. Otherwise, or if manifestly to the advantage of the parties, it must be sold. Courts have a measure of discretion as to the *manner* of partition but none as to the *fact.*

■ Petitioner was entitled to partition in this case.

■ While the Court has a statutory and inherent right to adjust the equities and settle all claims between or among the parties, it has no power to divest title out of one tenant and vest it in another. The statutory adjustment must be made by an appropriate allocation of the net sales proceeds, to be reflected in the Court's decree on distribution.

### V.

### Remand

We remand this cause to the Chancery Court at Chattanooga for the following action:

a. Partition by public sale and in the usual manner.

---

3. It is doubtful that this portion of the counterclaim states a cause of action with sufficient specificity; however, this is of no consequence in view of the fact that this tort issue was not heard and determined by the court. While the record is meager, it contains a suggestion that this portion of the counterclaim was non-suited.

4. We assume that the property consisting of a house located on a city lot is not susceptible of partition in kind.

b. The entry of judgment in favor of respondent in the sum of $3,500.00 or in such other amount as may be due her as a result of the petitioner's wrongful appropriation of her share of the proceeds of the sale of their former home.

c. A declaration and adjustment of all rights and claims between the parties and an appropriate allocation of the proceeds of the partition sale. The judgment in respondent's favor should be deducted from petitioner's share of the net proceeds of the sale.

Reference to the master need not be made. The Chancellor is at liberty, without hearing additional proof, to take further and final action in this matter. We concur in all findings made by the Chancellor and Court of Appeals with respect to the financial dealings between these parties. Unless other or different questions of fact or law arise, no appeal will be granted.

The Chancellor is at liberty to allow appropriate amendments to bring the personal property of the parties before the Court, and such further amendments as may be necessary to meet the ends of justice and the demands of equity under the peculiar facts and circumstances of this case.

Reversed and Remanded.

FONES, COOPER, BROCK and HARBISON, JJ., concur.