IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
ASSIGNED ON BRIEFS JULY 14, 2000

## JOSEPH F. CANEPARI, JR., ET AL. v. GEORGE D. SUMMERS, ET AL.

**Direct Appeal from the Chancery Court for Fayette County**
**No. 12334; The Honorable Dewey C. Whitenton, Chancellor**

---

**No. W2000-00527-COA-R3-CV - Filed November 20, 2000**

---

This is a suit for the partition of land. The Appellees brought a Complaint for Partition of Land by Sale in the Chancery Court of Fayette County. The Appellants answered and brought a counterclaim requesting the trial court to order the Appellees' one third-interest in the property to be partitioned by sale to the Appellants. The Chancery Court of Fayette County found for the Appellees, ordering the property to be sold by partition.

The Appellant appeals from the Order for Sale of Real Property for Partition executed by the Chancery Court of Fayette County. For the reasons stated herein, we affirm the trial court's decision.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY KIRBY LILLARD, J., joined.

John D. Horne, Memphis, for Appellants

J. Houston Gordon, Covington, for Appellees

**OPINION**

**I. Facts and Procedural History**

On October 26, 1976, Burke and Virginia H. Owen executed an inter vivos trust agreement which created an irrevocable trust. The trust named their son, Joe B. Owen, as primary beneficiary and named Joe B. Owen and their two daughters, the Appellant, Eola Owen Summers ("Mrs. Summers"), and Anita Joyce Owen, as trustees. The same day, Burke and Virginia H. Owen conveyed to the trustees by quitclaim deed a one-third interest in an undivided one-fourth of the property which is the subject of this lawsuit. The unconveyed three-fourths interest in the property remained vested in Burke and Virginia H. Owen as tenants by the entirety. On November 17, 1977,

Burke Owen died. Virginia H. Owen acquired full title of the remaining three-fourths interest in the property by right of survivorship.

The trust expired on October 26, 1986 at which time Joe B. Owen, as primary beneficiary, became seized in fee of his interest conveyed to the trustees in the quitclaim deed. On April 20, 1989, Virginia H. Owen died intestate. The three-fourths interest in the property passed by intestate succession to her daughters, Mrs. Summers and Anita Joyce Owen, and her grandson, the Appellee, Joseph B. Owen, Jr. ("Mr. Owen") the sole surviving heir of her son, Joe B. Owen, who died previously.

On July 11, 1989, Mr. Owen purportedly transferred his one-third interest in the property to the Appellant, George D. Summers, by warranty deed.[1] Anita Joyce Owen transferred her one-third interest in the property to the Appellees, Joseph and Suzanne Canepari ("Canepari"), pursuant to a warranty deed executed on January 16, 1997. Mrs. Summers continues to hold her one-third interest in the property. The parties hold their respective one-third interests in the property as tenants in common.

On April 29, 1999, Canepari and Mr. Owen, individually and by his next friend, Dorothy Jean Owen, filed a Complaint for Partition of Land by Sale with the Chancery Court of Fayette County.[2] Mr. Summers and his mother, Mrs. Summers ("Summers") filed a Counter Complaint requesting the trial court to order Canepari's one-third interest in the property to be partitioned by sale to Summers. Both parties stipulated in their pleadings that the property was not susceptible to an equitable division in kind.

On January 5, 2000, Summers filed a Motion for Continuance of Trial scheduled for January 7, 2000. Summers' argument for continuance was twofold: (1) there had been no judicial resolution of Mr. Owen's claims to an ownership interest in one-third of the property; and (2) the court had not found whether Mr. Owen and Dorothy Jean Owen had standing and/or capacity to sue. On January 7, 2000, the trial court denied Summers' Motion for Continuance and ruled as a matter of law that the property should be sold for partition. The trial court found that since the parties stipulated that the property could not be fairly divided in kind, the only fair means of partitioning the property was to have a sale of partition. The trial court further directed that the funds resulting from the partition

---

[1]This transfer is disputed and is the subject of pending litigation in a case styled <u>Anita Joyce Owen and Dorothy Jean Owen, on relation of Joseph B. Owen, Jr., and Joseph B. Owen, Jr. v. George D. Summers</u>, Chancery Court of Fayette County, Docket No. 11797. Mr. Owen filed his complaint on February 11, 1997, seeking to set aside the transfer as fraudulent. Following a jury trial held on February 16 - 18, 1999, the trial court declared a mistrial when the jury was unable to reach a verdict. The case is still pending in the trial court.

[2]In joining in this complaint, Mr. Owen requested the trial court to protect his interest in the proceeds from a partition of the property by sale by requiring the deposit of the one-third interest with the clerk and master in an interest-bearing account pending a final order and judgment of the case presently pending between Mr. Owen and Mr. Summers.

sale be held by the clerk and master until judicial resolution of Mr. Owen's claim to one-third of the property.   This appeal followed.

## II.  Standard of Review

The Appellant presents two issues for our review: (1) whether the trial court erred when it disposed of the case on the merits before disputed claims of ownership in the property had been resolved; and (2) whether the trial court erred when it refused to fashion an equitable remedy.[3] The standard of review for a non-jury case is *de novo* upon the record.  See Wright v. City of Knoxville, 898 S.W.2d 177, 181 (Tenn. 1995).  There is a presumption of correctness as to the trial court's factual findings, unless the "preponderance of the evidence is otherwise." Tenn. R. App. P. Rule 13(d).  For issues of law, the standard of review is *de novo*, with no presumption of correctness.  See Ridings v. Ralph M. Parsons Co., 914 S.W.2d 79, 80 (Tenn. 1996).  In the case at bar, the issues involve matters of law, not of fact, therefore, our review is *de novo* on the record with no presumption of the correctness of the trial court's conclusions of law.

## III.  Law and Analysis

The first issue presented for our review is whether the trial court erred when it disposed of the case on the merits before disputed claims of ownership in the property had been resolved. Summers cites three cases to support his argument.  See Fuller v. Montague, 59 F. 212 (6th Cir. 1893); Campbell v. Lewisburg & N.R., 26 S.W.2d 141 (Tenn. 1930); Nicely v. Broyles, 23 Tenn. (4 Hum.) 177 (1843).  Each of these cases stands for the proposition that partition cannot be decreed while the title to the subject property is in dispute; however, we can distinguish the situation in the case at bar from the cases cited by Summers.

In the case at bar, the trial court was not attempting to establish title between the parties. Rather, the trial court ordered that the proceeds obtained through the sale of the property be placed with the clerk and master until title is resolved between Mr. Owen and Mr. Summers in the pending litigation.  Upon resolution of the property dispute, the proceeds will be distributed to the proper parties.  Furthermore, as reasoned by the trial court, all the interested parties, including those involved in the pending litigation, are before this court.  The cases cited by Summers failed to address such a situation.  Due to the distinctive nature of the case at bar, we find it is not error to dispose of this case on the merits before disputed claims of ownership in the property have been resolved.

The second issue for our consideration is whether the trial court erred when it refused to fashion an equitable remedy by partitioning by sale Canepari's one-third interest in the property to

---

[3]The Appellees assert in their brief that the pending case between Mr. Owen and Mr. Summers is immaterial to the case at hand.  In the alternative, the Appellees present an additional issue: whether Mr. Summers should be denied relief in the case at hand on the basis of equity due to his unclean hands in the transfer between Mr. Owen and himself. We find the disputed transfer is immaterial to the case at hand and refuse to admit or deny relief on its grounds.

Summers. In our opinion, this issue is controlled by the case of <u>Yates v. Yates</u>, 571 S.W.2d 293 (Tenn. 1978). In <u>Yates</u>, a partition suit for the sale of real estate, the chancellor divested title from a co-tenant and vested title in another co-tenant. The Supreme Court of Tennessee, in reversing the action of the chancellor, stated:

> As a general proposition of law, a tenant in common is entitled to partition, or sale for partition. Section 23-2101, T.C.A. As stated by Chancellor Gibson: "The policy of the law is to give each person his own, in severalty, and not to force a person to continue in partnership with another. Section 1105, Gibson's Suits in Chancery (Fifth Ed.)." The statutory recognition of this to-each-his-own policy mandates that the courts decree partition of real estate owned as tenants in common if the property is susceptible of such partition. Otherwise, or if manifestly to the advantage of the parties, it must be sold. Courts have a measure of discretion as to the manner of partition but none as to the fact. [emphasis in original].

> * * *

> While the Court has a statutory and inherent right to adjust the equities and settle all claims between or among the parties, it has no power to divest title out of one tenant and vest it in another. The statutory adjustment must be made by an appropriate allocation of the net sales proceeds, to be reflected in the Court's decree on distribution.

<u>Id.</u> at 296.

The statement by our supreme court as to the lack of power of the court to divest title out of one co-tenant and into another is clear and without qualification. The trial court did not err in refusing to partition by sale Canepari's one-third interest in the property to Summers.

### IV. Conclusion

For the foregoing reasons, the decision of the trial court is affirmed. Costs of this appeal are taxed against the Appellants, George D. Summers and Eola Summers, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE

-4-