IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
July 10, 2009 Session

## EMMA LOU HALE v. GERALD D. HALE AND BONNIE F. HALE

**Appeal from the Chancery Court for Van Buren County**
**No. 1240     Larry B. Stanley, Jr., Judge**

_____

**No. M2008-02649-COA-R3-CV - Filed August 13, 2009**

_____

Plaintiff sought a partition by sale of property she owned as a tenant in common.  The defendants sought a partition in kind.  The undisputed proof showed that the parcels were more valuable if sold together than if they were divided and sold separately.  The trial court ordered the property sold.  The defendants appealed.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR. and RICHARD H. DINKINS, JJ., joined.

L. Thomas Austin, Dunlap, Tennessee, for the appellants, Gerald D. Hale and Bonnie F. Hale.

J. Al Johnson, Spencer, Tennessee, for the appellee, Emma Lou Hale.

**OPINION**

Glenn and Elma[1] Hale joined with Glenn's son Gerald Hale and Gerald's wife, Bonnie Hale, to purchase tracts 7 and 8 of the Golden Point Property.  Both tracts are located at the end of a cul-de-sac at the end of Golden Point Road.  Glenn and Elma were conveyed an acre from tract 7 in 1998 and Gerald and Bonnie were conveyed an acre out of tract 8 in 2003.  Each couple built a home on their one-acre parcel.

Glenn Hale died in 2007, leaving Elma as the owner of a one-half undivided interest in tracts 7 and 8 (less the two acres previously conveyed).  Gerald and Bonnie Hale continued as owners of the remaining one-half undivided interest as tenants in common with Elma Hale.

_____

[1] Ms. Hale's correct given name, according to her attorney's statement during testimony in court, is Elma Lou Hale; however, her attorney told the chancellor, "... everybody calls her 'Emma'...."  He used both names in the papers that he submitted in this appeal.

On April 16, 2008, Elma Hale filed a Complaint for Partition by Sale in the Chancery Court of Van Buren County. She sought to have the property sold and the net proceeds divided equally between the parties. Gerald and Bonnie Hale answered that the real property could be partitioned in kind.

The court held a hearing on July 28, 2008. Only two witnesses testified. The first witness was Hugh Hale, who was a first cousin of Glenn Hale. He testified as an expert on real property values in Van Buren County. He testified that part of the land was more valuable than the rest due to road frontage and topography. As to the division of the land and its value, Mr. Hale testified[2] as follows in response to questions from Elma Hale's attorney, J. Al Johnson:

> Mr. Hale: . . . if I were a developer or someone coming in here, I would want to buy it all and keep it as a whole because it takes one away from the other - you're pulling value off.
> . . . .
> Mr. Johnson: Is there any way in your opinion that this property could be divided in half by size and value?
>
> Mr. Hale: No. No because this property here is worth a lot more money than this property.
>
> Mr. Johnson: And can this property be divided equally by value with disregard for the size of the property?
>
> Mr. Hale: No.
>
> Mr. Johnson: If you could do it - would it result in two properties of significantly different size?
>
> Mr. Hale: Have to.
>
> Mr. Johnson: In other words, if you could put half the value on the left and the other on the right, how would the acreage differ?
>
> Mr. Hale: Well, you know, almost a third difference.
>
> Mr. Johnson: And in your opinion, what would the value of the property be if sold as one large parcel as opposed to two parcels of equal value?

---

[2] The record does not provide us with the benefit of knowing exactly the areas on the map of the property to which Mr. Hale is referring.

Mr. Hale: Well, last year at this time it would have probably brought more than it would right now, but this property doesn't have public water back there. This property would probably bring $4,000 to $6,000 an acre.

Mr. Johnson: And if you divided it so that you had a small part of the left equal value on the right - what would the values of those two properties be?
Mr. Hale: This would pretty much stay the same and this would probably be about $3,500 an acre.

Mr. Johnson: So if you sold it all in one piece, you would have a higher sale price.

Mr. Hale: It would have a higher sale price if you were taking some of the lower land with the other.

Bonnie Hale's testimony was quite brief. She and her husband wanted to keep their property and have somebody divide it up in a fair, equal way.

The trial court ruled "[t]hat the property in question cannot be reasonably divided between the parties without substantially lowering its value and creating parcels that are not substantially equal for the use of the parties." Therefore, the trial court ordered the Clerk and Master to sell the property at auction. Gerald and Bonnie Hale's motion to alter or amend or for a new trial was denied. They appealed to this court, raising as their sole issue whether the trial court erred in ordering the partition by sale rather than a partition in kind.

The appellate court reviews the trial court's findings of fact de novo, with a presumption of correctness unless the preponderance of the evidence shows otherwise. Tenn. R. App. P. 13(d). The trial court's legal determinations are reviewed de novo with no presumption of correctness. *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993).

A partition by sale is appropriate "(1) [i]f the premises are so situated that partition thereof cannot be made; or (2) [w]here the premises are of such description that it would be manifestly for the advantage of the parties that the same should be sold instead of partitioned." Tenn. Code Ann. § 29-27-201. "The advantage the statute refers to is a financial advantage, and the money value of the whole tract, as compared with the aggregate money value of the several shares after partition in kind, is the test of advantage." Henry R. Gibson, GIBSON'S SUITS IN CHANCERY § 38.08 (William H. Inman, ed., 8th ed. 2004).

Only the clearest and most satisfactory proof can justify a court in ordering a sale over the protest of one of the tenants in common. *Reeves v. Reeves*, 58 Tenn. 669, 674 (Tenn. 1872). The undisputed proof in this case was that tracts 7 and 8 were more valuable if sold together than if they were somehow divided and sold separately. If a sale is "manifestly to the advantage of the parties," the property must be sold. *Yates v. Yates*, 571 S.W.2d 293, 296 (Tenn. 1978); see also *Reeves*, 58 Tenn. at 673. "If by partition the value of all shares would be less than the value of the tract as a

whole then partition would be manifestly inequitable and a sale should be decreed." *Medley v. Medley*, 454 S.W.2d 142, 151 (Tenn. Ct. App. 1969). The trial court, therefore, is affirmed.

Costs of appeal are assessed against the appellants, for which execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE