IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
January 19, 2011 Session

# ELMA LOU HALE v. GERALD D. HALE ET AL.

**Appeal from the Chancery Court for Van Buren County**
**No. 1240     Larry B. Stanley, Jr., Chancellor**

**No. M2010-00760-COA-R3-CV - Filed March 4, 2011**

This is the second appeal of an action to partition 74 acres. Plaintiff is a widow who owns a one-half interest in the land as a tenant in common with Defendants, Plaintiff's stepson and his wife. Plaintiff filed this action in 2008 to partition the property by sale. Defendants opposed a sale and sought partition in kind. The trial court ordered the property sold upon findings that a partition in kind was impractical and that the two tracts were more valuable if sold together. Defendants appealed, and we affirmed with instructions that the property be sold on remand. Before the sale, a survey was conducted which revealed that Defendants' home, located on a one-acre tract owned separately by Defendants, encroached on the property held by the parties as tenants in common. In order to resolve the encroachment issue, the trial court ordered Plaintiff to quitclaim a mere 0.168 acres to Defendants and ordered Defendants to quitclaim a like-sized portion of the property of equal value to Plaintiff. Although this remedy was favorable to Defendants, they nonetheless appealed, claiming the trial court had no legal authority to order them to quitclaim any property to Plaintiff. We have determined the trial court is authorized to partition a portion of the property in kind, pursuant to Tenn. Code Ann. § 29-27-104, and to order that the remaining property be partitioned by sale. Thus, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the Court, in which PATRICIA J. COTTRELL, P.J., M.S., and RICHARD H. DINKINS, J., joined.

L. Thomas Austin, Dunlap, Tennessee, for the appellants, Gerald D. Hale and Bonnie F. Hale.

J. Al Johnson, Spencer, Tennessee, for the appellee, Elma Lou Hale.

## OPINION

Elma Lou Hale[1] ("Plaintiff"), a widow, filed a Complaint for Partition by Sale in the Chancery Court for Van Buren County on April 16, 2008, seeking to sell real property she owns as a tenant in common with her stepson and his wife, Gerald and Bonnie Hale ("Defendants"). In their answer, Defendants asserted that the property should be partitioned in kind but not sold.

The property to be partitioned, 74 acres of rural property, is comprised of two adjoining tracts in Golden Point Property in Van Buren County, Tennessee. Plaintiff and her now deceased husband, Glenn Hale, along with Defendants, acquired the property in two transactions. The first acquisition, tract 8, was purchased by the parties in 1991; the second acquisition, tract 7, was purchased in 1998. Each couple owned their respective interest in the property as tenants by the entirety.

In September 1998, the parties conveyed a one-acre plot out of tract 7 to Defendants for their separate ownership, apart from Plaintiff and Glenn Hale. Defendants' marital residence was located on this plot.[2] In 2003, the parties similarly conveyed one acre from tract 8 to Plaintiff and Glenn Hale, so that they could also separately own the property on which their marital home was located.

When Glenn Hale died in 2007, Plaintiff became the sole owner of their property as the surviving tenant by the entireties. Thus, after Glenn's death, she owned a one-half interest in the property to be partitioned as a tenant in common with Defendants.

In the first trial, held on July 28, 2008, two witnesses testified. Hugh Hale, a first cousin of Glenn Hale, testified as an expert on real property values in Van Buren County. He testified that if one were to divide the property in half by size, one would be "pulling value off," and that an equitable division by size would be impossible because a portion of the land "is worth a lot more money" than the rest of the property due to road frontage and

---

[1]Emma Hale's legal name, according to her attorney's statement in court, is Elma Lou Hale; however, as her attorney told the chancellor, "everybody calls her 'Emma'." Both names were used in the papers submitted in this appeal.

[2]It is this structure, Gerald and Bonnie Hale's marital residence, that encroaches upon the property to be partitioned by sale by a two-foot wide strip, for a total of 62.5 square feet.

topography.[3] He also testified that the property could not be divided equally by value without regard for size, because such a division would result in two properties of significantly different sizes. Last, he stated that a developer would want to buy the entire property as a whole, and that selling it in one piece would yield a higher price than could be expected if the land was divided and sold.

Defendant Bonnie Hale was the only other witness to testify. She testified (briefly) that she and her husband wanted to keep the property and have it divided in a fair, equal way.

At the conclusion of the first trial, the trial court found that "the property in question cannot be reasonably divided between the parties without substantially lowering its value and creating parcels that are not substantially equal for the use of the parties." Therefore, the court ordered the Clerk and Master to sell the property at auction. Defendants appealed that ruling, arguing that the trial court erred by ordering the partition by sale rather than a partition in kind. We affirmed the trial court in all respects and remanded with instructions to proceed with the sale as ordered by the trial court. *See Hale v. Hale*, No. M2008-02649-COA-R3-CV, 2009 WL 2474703 (Tenn. Ct. App. Aug. 13, 2009).

On remand, a survey was conducted in order to provide an accurate legal description of the property to be sold. The survey revealed that Defendants' house and driveway encroached beyond their one-acre plot onto the jointly owned portion of tract 7. The twenty-five foot house encroaches by a 2.5-foot strip, for a total of 62.5 square feet. Including the driveway, the total area of the encroachment is a mere 0.168 acres; nevertheless, the presence of even a small encroachment could have an adverse effect on the property's value.

When the encroachment was discovered, Plaintiff proposed that it be cured equitably by two quitclaim conveyances. First, Plaintiff would quitclaim to Defendants the 0.168 acres of tract 7 upon which Defendants' house and driveway encroach. Correspondingly, Defendants would quitclaim to Plaintiff an equal-sized portion of tract 8 adjacent to Plaintiff's separately owned one-acre tract. Defendants opposed this plan and filed a motion attempting to assert a claim by adverse possession to the area upon which their house and driveway encroached. The motion was titled "Petition for Adverse Possession." The trial court denied Defendants' motion and granted Plaintiff's, ordering the parties to quitclaim a 0.168 segment of the property to be partitioned to the other as their separate property in order to remedy the encroachment issue.

Again dissatisfied with the trial court's ruling, Defendants filed this appeal. The issues presented in the second appeal of this partition action are: (1) Whether the trial court erred

---

[3]The record does not reveal exactly which tract or sections he was comparing.

in failing to grant Defendants' "Petition for Adverse Possession;" and (2) Whether the trial court erred in partitioning a portion of Tracts 7 and 8 to require each party to convey 0.168 acres to the other.

This court reviews the trial court's findings of fact de novo, with a presumption of correctness unless the preponderance of the evidence shows otherwise. Tenn. R. App. P. 13(d). As for the trial court's legal determinations, they are reviewed de novo with no presumption of correctness. *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993).

It is undisputed that tracts 7 and 8 cannot reasonably divided between the parties either by size or value, and that they are much more valuable if sold together than if they were somehow divided and sold separately; thus, the trial court correctly ordered the sale of the property instead of partition in kind. *See Yates v. Yates*, 571 S.W.2d 293, 296 (Tenn. 1978) (reasoning that if a sale is "manifestly to the advantage of the parties," the property must be sold); *see also Medley v. Medley*, 454 S.W.2d 142, 151 (Tenn. Ct. App. 1969) ("If by partition the value of all shares would be less than the value of the tract as a whole then partition would be manifestly inequitable and a sale should be decreed."). Moreover, based upon our ruling in the first appeal, the decision to partition the property by sale is now the law of the case. Thus, the property must be sold.

Unfortunately, the encroachment question remains. Although unwilling to carry out Plaintiff's proposed exchange despite its clear advantages, Defendants seek title to the 0.168-acre strip through a "Petition for Adverse Possession," and contend that the trial court erred by denying this so-called "petition." We find this assertion is wholly without merit. Although titled "Petition for Adverse Possession," we find this filing was merely a motion, an improper vehicle by which to assert a claim of adverse possession. The fact that the "petition" stated it would be heard seven days from the date of filing bolsters this conclusion. A seven-day period before a hearing is sufficient for the filing of a motion; however, it is not sufficient for the filing of a petition, in this case a counterclaim in which a new and independent claim for relief is asserted against the adverse party. Moreover, Defendants did not seek, much less obtain, leave of court to amend their pleading, which would have been required to properly assert an affirmative claim for adverse possession in this pending action. *See* Tenn. R. Civ. P. 15.01. Thus, the trial court acted correctly in denying Defendants' motion for adverse possession.

That leaves us with one issue: whether the trial court erred by ordering each party to convey a 0.168-acre tract of equal value to the other to cure the problems arising from Defendants' encroachment on the jointly held property. We have determined the trial court

-4-

had the authority to partially partition the property in kind and that the manner by which it cured the encroachment problem was equitable.

We found several Tennessee cases in which courts ordered partial partitions in kind and order the remaining property be partitioned by sale. The most recent Tennessee case authorizing a partial partition is *Crawford v. Crawford,* No. E2002-00372-COA-R3-CV, 2002 WL 31528504 (Tenn. Ct. App. Nov. 14, 2002). In that matter, Nancy Crawford, one of several tenants in common, filed a partition action seeking partition in kind of a small portion of the property owned by the co-tenants, 0.604 acres of the subject property, the value of which was substantially less than her pro rata share of the entire property held as tenants in common. She requested sole title to this 0.604-acre strip because it adjoined a piece of property which she separately owned and where her house was located. Also, she and her late husband had used, maintained and improved a barn located on the 0.604-acre tract for years, erroneously believing it was located on their separately owned property. The other co-tenants opposed a partial partition in kind of the property and requested partition by sale of the entire tract. On appeal, this court determined that, under Tenn. Code Ann. § 29-27-104, the trial court had the authority to partially partition the property in order to set aside the 0.604 acres as Ms. Crawford's separate property and to order that the remaining property be partitioned by sale. The *Crawford* court stated that a partial partition in kind is authorized under Tenn. Code Ann. § 29-27-104, which provides:

> [P]artition shall be made according to the respective rights of the parties, setting apart to such as desire it their shares in severalty, and leaving the shares of others, if desired, in common; and if there are minors, the court may, in its discretion, leave their shares in common, or set them apart to each in severalty, as may appear to be just, upon the proof introduced.

C*rawford,* 2002 WL 31528504, at *4 (quoting Tenn.Code Ann. § 29-27-104 (2002)). The statute reads the same today.

A similar legal conclusion was reached in *McLean v. Murphy*, No. 01-A-01-9305-CH-00212, 1993 WL 453726 (Tenn. Ct. App. Nov. 3, 1993). In *McLean*, the court held that a partial partition in kind could be ordered wherein land equal to one-half of the value of the property at issue be allocated to the co-tenants who opposed a sale and that the remaining property be allocated to the remaining co-tenants who could then partition their property by sale if they so chose. *Id.* at *6-7.

The same legal principle was applied sixty years earlier in *Baumgartner v. Baumgartner*, 67 S.W.2d 154 (Tenn. Ct. App. 1933). Nine children from two different marriages of their father were battling over property they inherited from him as tenants in

common. *Id.* at 155. Each of them owned an undivided one-ninth interest in the property. *Id.* The three children from their father's second marriage filed suit seeking to have the entire property partitioned by sale. *Id.* The six children from his first marriage opposed a sale of all the property; however, they did not oppose a partition in kind whereby the six of them would retain, as co-tenants, a portion of the property equal to two-thirds of the value of the entire tract. This way, the six children from the first marriage would continue to own their two-third interest in the property as co-tenants and the three children of the second marriage could sell their one-third interest. *Id.* at 159. This court ruled that such a division was permissible under the statute. *Id.*

Our statutory scheme provides that "any person having an estate for years in land, as a tenant in common with others, is entitled to partition either in kind or by sale." *Crawford*, 2002 WL 31528504, at *3 (citing Tenn. Code Ann. § 29-27-101 (2001)); *Nicely v. Nicely*, 293 S.W.2d 30, 32 (Tenn. Ct. App. 1956) ("It is the policy of the law to give each person his own in severalty and not to force him to continue in partnership with another."). The above cases further clarify that a partition in kind need not be ordered for the entire property if a partial petition in kind "may appear to be just." Tenn. Code Ann. § 29-27-104; *see also Crawford*, 2002 WL 31528504, at *4.

We also recognize that Tennessee courts "have a measure of discretion as to the *manner* of partition." *Id.*, at *3 (quoting *Yates v. Yates*, 571 S.W.2d 293, 296 (Tenn.1978) (emphasis in original)). In this case, we find that the trial court properly exercised its discretion in ordering a partial partition in kind of the two small tracts to each party. This court had already determined that a partition in kind of the entire property, as Defendants requested, was not feasible. Being unable to partition the property in kind, the trial court sought to maximize the sale price, for the benefit of both parties, by eliminating the encroachment problem in such a way as to have the least impact on the previously ordered sale. The partial partition in kind affects only a small fraction of the total acreage held by the parties as tenants in common. Additionally, it benefits Defendants by allowing them to retain more of the jointly owned property, including the area under and around their driveway. We find no error with this decision.

Accordingly, we affirm the trial court's decision to order a partial partition in kind of two 0.168-acre tracts as an equitable cure for Defendants' encroachment so that the previously ordered partition by sale of the remaining property can go forward.

**IN CONCLUSION**

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against the appellants, Gerald D. Hale and Bonnie F. Hale.

_____
FRANK G. CLEMENT, JR., JUDGE